(No. 4757- )

Saul Goodman, Claimant, vs. State of Illinois, Respondent.

*Opinion filed January 14, 1958.*

Epton, Scott, McCarthy and Epton, Attorneys for Claimant.

Latham Castle, Attorney General; Lester Slott, Assistant Attorney General, for Respondent.

Fearer, J.

A claim has been filed in this Court for property damage to claimant's automobile growing out of an accident, which occurred on May 7, 1956, at or about the hour of 5:30 P.M., at the intersection of Wacker Drive and Monroe Street, in the City of Chicago, Illinois.

Respondent's vehicle, a truck of the Illinois National Guard, was driven by Master Sgt. Solario.

The record consists of the complaint, which was filed in this Court on January 4, 1957. It charges respondent with general acts of negligence, i.e., failure to keep the vehicle driven by Master Sgt. Solario under proper control; disregard of traffic signals; failure to stop said automobile at a stop sign, where claimant was waiting; and, failure to yield the right of way to traffic having the green light at the intersection, and proceeding in the opposite direction just prior to the collision.

No answer having been filed by respondent, a general traverse is considered.

The only witness testifying in the case was claimant. The only evidence offered by respondent was a Departmental Report.

As to damages sustained as a result of said accident, claimant has proven by a preponderance or greater weight of the evidence a total cost of repairs to his automobile in the amount of $105.23.

The Commissioner, who heard this case, recommended that the claim be allowed in the sum of $105.23. The Commissioner interrogated claimant, and had an opportunity to observe him, and his demeanor and manner of testifying. After making a careful review of the Departmental Report, he found that claimant maintained the burden of proving that he was free from contributory negligence, and that it was the negligence of Master Sgt. Solario in failing to observe claimant's automobile parked at the intersection waiting for the traffic signal to change, which was the proximate cause of the accident, and which resulted in the damages testified to by claimant. Also, an exhibit was introduced substantiating the amount of damages to the trunk and bumper of claimant's automobile. The sum of $105.23 was paid to restore said damaged parts to the condition they were in just prior to the time of the accident.

It is, therefore, the order of this Court that claimant, Saul Goodman, be allowed his claim in the sum of $105.23.